**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| JONATHAN R. GOLDSMITH, | ) | |
| CHAPTER 7 TRUSTEE OF | ) | |
| WESTBOROUGH SPE LLC, | ) | AP No. 25-4027-CJP |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOLONYON AKOUETE, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PRELIMINARY INJUNCTION ORDER**

Before the Court is the motion filed by the plaintiff Jonathan R. Goldsmith, the Chapter 7

Trustee (the "Trustee") of Westborough SPE LLC (the "Debtor"), seeking certain injunctive

relief on a preliminary basis [ECF No. 2] (the "Motion")[1] and the opposition and supplement

filed by Lolonyon Akouete (the "Defendant") [ECF Nos. 8 and 13[2]].   Upon consideration of the

---

[1]   The Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") on or about September 18, 2025, through the filing of a complaint in which he seeks injunctive relief on a preliminary and permanent basis enjoining the defendant Lolonyon Akouete from taking certain actions.

[2] The Court has considered the Defendant's *Supplemental Opposition to Trustee's Motion for Preliminary Injunction, Cross-Motion to Compel Compliance With Subpoenas, and Request for Detailed Written Findings* [ECF No. 13] (the "Supplement") in connection with entry of preliminary injunctive relief.   To the extent the Defendant seeks any further relief pursuant to the Supplement, such relief is denied.

record in this case and arguments made at an emergency hearing on September 23, 2025 (the

"Hearing"), pursuant to 11 U.S.C. § 105 and for the reasons stated on the record at the Hearing in

considering the four-part standard[3] in determining whether to grant preliminary injunctive relief,

including that this relief is necessary to carry out the provisions of Title 11, restrain interference

with administration of the Debtor's estate, avoid the risk of inconsistent findings or rulings

regarding property of the estate and the claims administration process regarding claims asserted

by the Defendant in the Debtor's case, which are the subject of a dispute and a pending claim

objection of the Trustee that is in the summary judgment stage, and avoid an abuse of process by

the Defendant, and finding that the Trustee has made the requisite showing as to each of the four

framework factors, the Motion is GRANTED in part as set forth herein and it is further

ORDERED, effective immediately upon entry of this Order on the docket of the Adversary

Proceeding:

1. Lolonyon Akouete, and any person with actual notice of this injunction acting on

   behalf of the Defendant, is enjoined from taking any action to litigate or prosecute in

   any way the claims asserted in the action styled *Akouete v. Mignonette Investments*

   *Ltd.*; Massachusetts Superior Court Department of the Trial Court, CA No.

---

[3] The United States Court of Appeals for the First Circuit has applied the following framework to determination of preliminary injunctions: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996) (citations omitted). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) (citation omitted).

2584CV2036G (the "Superior Court Case") absent further order of this Court.

2. The Defendant is further ordered to immediately file a copy of this Order in the Superior Court Case, together with a request that that the Superior Court stay the Superior Court Case while this injunction remains in effect. The Defendant shall promptly serve the Trustee by email with copies of any filings or orders entered in the Superior Court Action.

3. The Defendant is further enjoined from further communications with potential witnesses Peter Blaustein, Jan Scholes, and Dyann Blaine absent leave of Court or until entry of an order determining the pending motions for summary judgment with respect to Defendant's claim in the bankruptcy case

The Court will schedule a case management conference in the Adversary Proceeding after determination of the summary judgment motions.

Dated: September 24, 2025                                    By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge